IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO ARAUZ,<br><br>                Petitioner,<br><br>    vs.<br><br>D. K. SISTO, Warden, California State Prison, Solano,<br><br>                Respondent. | No. 2:08-cv-00469-TMB<br><br>ORDER |

      At Docket No. 13 this Court issued its Order to Show Cause why this matter should not be stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392. Respondent concurs that this matter should be stayed. Docket No. 14. At Docket No. 15 Petitioner Ricardo Arauz, a state prisoner appearing *pro se*, opposed staying this matter.

I. BACKGROUND/PRIOR PROCEEDING

      In his petition Arauz challenges the denial of parole on two grounds: (1) denial violated his plea agreement and (2) denial based solely upon the nature of his offense violates his due process rights. Arauz filed a petition for a writ of habeas corpus in Los Angeles Superior Court, which denied his petition in a written decision on September 4, 2007. Arauz then filed identical petitions in the California Court of Appeals and California Supreme Court, successively. Both petitions were summarily denied without opinion on November 8, 2007, and February 13, 2008, respectively. Arauz timely filed his petition for relief in this Court on February 27, 2008 (date stamped February 29, 2008).

II.  ISSUES PRESENTED

In opposing entry of an order staying these proceedings Arauz argues: (1) he is entitled to relief on this first ground in any event; and (2) that the law is well-settled and delay awaiting the decision in *Hayward* effectively places him out of court unfairly delaying pursuit of his claims.

III.  STANDARD OF REVIEW

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[1]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[2]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[3]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be "objectively unreasonable, "not just incorrect."[4]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[5]

---

[1] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[2] *Williams v. Taylor*, 529 U.S. at 412.

[3] *Carey v. Musladin*, 549 U.S. 70, ___, 127 S.Ct. 649, 654 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, ___, 128 S.Ct. 743, 746-47 (2008) (per curiam).

[4] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[5] *Schriro v. Landrigan*, 550 U.S. ___, ___, 127 S.Ct. 1933, 1939 (2007).

In applying this standard, this Court reviews the last reasoned decision by the state court,[6] which in this case was that of the Los Angeles Superior Court.  In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[7]

To the extent that Arauz raises issues of the proper application of State law, they are beyond the purview of this Court in a federal habeas proceeding.  It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law.[8]  A federal court must accept that state courts correctly applied state laws.[9]  A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[10]  This principle applied to federal habeas review of state convictions long before AEDPA.[11]  A federal court errs if it interprets a state legal doctrine in a manner that directly conflicts with the state supreme court's interpretation of the law.[12]  It does not matter that the state supreme court's statement of the law was dictum if it is perfectly clear and unambiguous.[13]

---

[6] *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004)

[7] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[8] *See Engle v. Isaac*, 456 U.S. 107, 128 (1982).

[9] *Bell v. Cone,* 543 U.S. 447, 455 (2005); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law) *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

[10] *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see also West v. AT & T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law. . . .").

[11] *See Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law").

[12] *See Bradshaw,* 546 U.S. at 76-78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[13] *Id.* at 76.

A determination of state law by a state appellate court is also binding in a federal habeas action.[14] This is especially true where the highest court in the state has denied review of the lower court's decision.[15]

A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[16] Nor may a federal court issue a habeas writ based upon a perceived error of state law, unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[17]

## DISCUSSION

Ground 1:  Plea Bargain.

The Los Angeles Superior Court rejected Arauz's argument holding:

> Finally, the court rejects petitioner's contention that the denial of parole following a finding of unsuitability by the Board violates the terms of his plea agreement.  Petitioner agreed to a bargain that subjected him to a life sentence.  An indeterminate sentence is, in legal effect, a sentence for the maximum term unless the parole authority acts to fix a shorter term.  See *In re Dannenberg* (2005) 34 Cal.4th 1061, 1097-1098; *In re Honesto* (2005) 130 Cal. App. 4th 81, 92-93.  The relevant statutes and regulations that govern parole clearly do not entitle a prisoner to release on parole, regardless of the amount of time served, unless the petitioner is found suitable for parole. *See In re Honesto,* (2005) 130 Cal. App. 4th 81, 92-93.

It is clearly the law that if, in fact, the plea agreement was breached the case must be remanded to the state courts for a determination of the appropriate remedy under the circumstances.[18] Plea agreements are contractual in nature and are analyzed under principles of

---

[14] *See Hicks v. Feiock,* 485 U.S. 624, 629-30, 630 n. (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[15] *Id.*; *see also West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court.").

[16] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[17] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

[18] *See Santobello v. New York*, 404 U.S. 257, 262–63 (1971).

contract law.[19]  The proper interpretation and effect of the agreement between the State of California and Arauz in this case is a matter governed by California contract law,[20] a matter that, as noted above, is beyond the purview of this Court in a federal habeas proceeding.  The Los Angeles Superior Court found that Arauz had agreed to a bargain that subjected him to a life sentence, albeit with a chance of parole.  This Court is bound by that finding unless Arauz controverts it by clear and convincing evidence.[21]  A burden Arauz has failed to carry.[22]

Under the facts and circumstances of this case, this Court cannot say that a determination that the plea agreement was not breached was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[23]  Nor can this Court find that the state courts unreasonably applied the correct legal principle to the facts of Arauz's case within the scope of *Andrade–Williams-Landrigan*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Arauz is not entitled to relief under his first ground.

Ground 2:  Reliance on Commitment Offense.

This Court is not unmindful of the decision of the California Supreme Court in *In re Lawrence*,[24] which strongly supports Arauz's position.  This Court cannot, however, grant relief unless the decision of the state court being reviewed in this case was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

---

[19] *See United States v. Carrillo*, 709 F.2d 35, 36 (9th Cir. 1983).

[20] *Ricketts v. Adamson*, 483 U.S. 1, 6 n.3 (1987).

[21] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell, supra*.

[22] Arauz does not point to anything in the plea agreement that promised him parole after a specific period of time or that the parole board would not consider any particular factor in determining his suitability for parole.  Indeed, other than make the conclusory statement that the plea agreement was violated, Arauz does not address this point in his petition.

[23] 28 U.S.C. § 2254(d).

[24] 190 P.3d 535 (Cal. 2008); *see also In re Shaputis*, 190 P.3d 573 (Cal. 2008).

of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[25] The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[26] Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[27] Whatever view the California Supreme Court may have construing Federal law, no matter how persuasive, is irrelevant in a federal habeas proceeding.[28]

Contrary to Arauz's contentions, the law concerning the extent of the reliance by the parole board on the facts of the underlying conviction constitutes a denial of due process is far from "well settled." Squarely before the en banc panel in *Hayward* is whether the *dicta* in *Biggs v. Terhune*,[29] "[a] continued reliance in the future on an unchanging factor, the circumstances of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the system and could result in a due process violation," is, or should be, the *Federal law* of the circuit. Whatever the decision reached in *Hayward* may be, this Court will be bound by that decision,[30] not the decision of the California Supreme Court in *Lawrence*.[31]

---

[25] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[26] *Williams v. Taylor*, 529 U.S. at 412.

[27] *Carey v. Musladin*, 549 U.S. 70, ___, 127 S.Ct. 649, 654 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. ___, ___, 128 S.Ct. 743, 746-47 (2008) (per curiam).

[28] The Court also notes that not only was *Lawrence* decided after the final state court decision in this case, but in deciding *Lawrence*, the California Supreme Court was relying upon the California Constitution and statutes. It does not appear from the opinion or the authorities cited that it was based upon Federal law as determined by the United States Supreme Court.

[29] 334 F.3d 910, 916–17 (9th Cir. 2003)

[30] *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir.2003) (en banc).

[31] Contrary to Arauz's contention, this Court applies the standard of review established by Federal law, not state law. Nothing in either *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1 (1979), or *Mills v. Rogers*, 457 U.S. 291 (1982), cited by Arauz, compels a contrary result in a Federal habeas proceeding under AEDPA, 28 U.S.C. § 2254.

The Court is also not unmindful of the potential adverse impact that staying this action may have on Arauz.  On the other hand, any ruling in his favor by this Court more likely than not would be appealed to the Ninth Circuit, which is itself holding cases in abeyance pending the decision in *Hayward*.

IT IS THEREFORE ORDERED THAT this matter is stayed pending the issuance of the mandate by the United States Court of Appeals for the Ninth Circuit in *Hayward v. Marshall*, 512 F.3d 536, *rehrg en banc granted*, 527 F.3d 797 (9th Cir. 2008), Case No. 06-55392.

Dated:  December 31, 2008.

                                        s/ Timothy M. Burgess  
                                        TIMOTHY M. BURGESS  
                                        United States District Judge